IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00290-MSK-CBS

JOHNSTOWN FEED & SEED, INC.,
WAYNE SPRENG, and
RHONDA SPRENG,

        Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

        Defendant.

_____

**OPINION AND ORDER DENYING MOTION TO REMAND
AND REFERRING ACTION**

_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Motion for Remand

**(# 15)**, and the Defendant's response ( **#16)**.[1]

The Plaintiffs commenced this action on or about April 10, 2006, in the Colorado District

Court for Weld County.  The Complaint named both the instant Defendant, Continental Western

Insurance Co. ("Continental"), as well as an additional Defendant, Murphy Insurance Center, Inc.

("Murphy").  The Complaint alleged that the Plaintiffs and Murphy are all citizens of Colorado,

and that Continental is a citizen of Iowa.  On January 11, 2007, the parties stipulated to the

dismissal of Murphy from the case.  The Weld County court issued an Order dismissing Murphy

_____

[1]The Plaintiff filed an untimely reply **(# 17)**, and upon the "objection" **(# 18)** to it filed by
the Defendant, moved for an extension of time **(# 19)** to file the reply.  The motion for extension
of time was denied **(# 20)** without prejudice by the Court for technical errors, and a compliant
motion was not refiled.

1

on January 16, 2007.  On February 9, 2007, Continental filed a Notice of Removal (**# 1**), on the grounds that with the dismissal of Murphy, there was now complete diversity of citizenship between the parties, allowing for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

The Plaintiffs filed the instant Motion to Remand (**# 15**), alleging: (i) that Continental's Notice of Removal was untimely under 28 U.S.C. § 1446(b), in that it was filed more than 30 days after the grounds for removal became apparent; and (ii) that Continental waived any right to invoke federal jurisdiction by proceeding in state court after the grounds for removal had become apparent.  The crux of the Plaintiffs' argument is that Continental became aware that the case was removable on or about December 5, 2006, during the deposition of the principal of former Defendant Murphy.[2]

28 U.S.C. § 1446(b) provides that a Notice of Removal must be filed "within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The Plaintiffs are correct that the 10th Circuit liberally construes the phrase "other paper" to include a discovery deposition. *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1078 (10th Cir. 1999).  However, regardless of what was revealed at or before Murphy's deposition, it is undisputed that he

---

[2]The Plaintiffs' motion states that "It was clear to the parties that Mr. Murphy would be dismissed following his deposition."  Precisely what was revealed to the parties during that deposition that resulted in such clarity is not identified in the Plaintiffs' motion.  This mystery is rendered even more tantalizing by the fact that, according to Continental's response, the deposition of Murphy's principal was noticed on December 5, 2006, but actually conducted on January 11, 2007, the same day upon which the parties stipulated to his dismissal.  Assuming this chronology is correct, the Plaintiffs' position must be that there was something in the December 5, 2006 Notice of Deposition that would have revealed to Continental the removability of this case.  The Court has examined the December 5, 2006 Notice of Deposition to Murphy (and the December 15, 2006 Amended Notice of Deposition as well) in the record in this case.  It is unremarkable.

remained a party to this action until mid-January 2007.  His presence as a party prevented exercise of federal diversity jurisdiction.  This impediment continued until Murphy was actually dismissed from the case.  Thus, the case became removable as of January 16, 2007, when the Weld County court dismissed Murphy.

The Plaintiffs cite a litany of cases for the proposition that facts revealed at a deposition constitute notice of removability sufficient to start the 30-day clock running.[3]  In *DeBry v. Transamerica Corp.*, 601 F.2d 480, 488-89 (10th Cir. 1979), the court repeatedly emphasized that the event that starts the clock running must be one which allows the defendant "to ascertain intelligently that the requisites of removability are present," and cited with approval a case with a similar initial factual pattern.  *Citing Little Rock v. Johnson & Johnson*, 455 F.Supp. 361, 362 n. 1 (E.D. Ark. 1978).  In *Little Rock*, the defendant was prevented from removing the action by the presence of another non-diverse defendant.  At a hearing, the plaintiff orally moved to dismiss claims against the non-diverse defendant, which the court orally granted, and the remaining defendant promptly announced its intention to remove the action.  *Id.*  The court held that "the oral motion of the plaintiffs and the trial court's oral order granting the motion, on the record, certainly must be that sufficient notice with which the statute is concerned."  *Id.*  By analogy, then, if the Weld County court's January 16, 2007 Order granting the parties' stipulation to dismiss Murphy is not the date that set the removal clock running, the Plaintiffs' January 11, 2007 written stipulation to dismiss Murphy would be the logical equivalent of *Little Rock*'s oral motion,

---

[3]Although the Court has not considered the arguments in the Plaintiffs' untimely reply brief, it has reviewed all of the cases cited by the Plaintiffs in that brief to ensure that no relevant authority has been overlooked.

starting the clock as of that date.  Even under this earlier date, Continental's February 9, 2007 Notice of Removal is timely.

The Plaintiffs appear to suggest that there was some agreement reached between counsel on December 5, 2006 that Murphy would be dismissed at the conclusion of its principal's deposition, and that that agreement should be sufficient to start the clock running.  Assuming that the be the Plaintiffs' position, it is without merit.  Such an executory agreement is far too speculative to allow Continental to intelligently ascertain that the removal clock had begun running as of December 5, 2006, simply because of a promise by Plaintiffs' counsel that Murphy would be dismissed at some point in the future.  Without doubting the sincerity of Plaintiffs' counsel's promise, one can conceive of a myriad of situations in which such a promise might not be promptly fulfilled – Murphy could give surprisingly inculpating deposition testimony, compelling the Plaintiffs to retain it as a defendant; the deposition might be repeatedly or indefinitely postponed, thereby delaying Murphy's formal dismissal, etc.  The informal  (or, at least on the record here, unrecorded) representation by the Plaintiffs that Murphy would eventually be dismissed at some point in the future is far from the "unequivocal" notice required to start the removal clock.  *DeBry*, 601 F.2d at 489, *citing Ardison v. Villa* 248 F.2d 226, 227 (10th Cir. 1957).  The Court has examined the remaining cases and arguments cited by the Plaintiffs and finds them to be unconvincing.

Accordingly, Continental's right to remove this case arose no earlier than January 11, 2007, and thus, its removal was timely under 28 U.S.C § 1446(b).

The Plaintiffs also contend that Continental waived its right to remove by filing a reply in support of a pending motion to change venue on January 12, 2007, and by propounding discovery

4

requests on January 26, 2007.  Surprisingly, the case cited by the Plaintiffs in support of this

contention, *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998), stands for the

contrary proposition.  In *Akin*, the 10th Circuit refused to find a waiver of the right to remove by a

defendant who had filed a motion for summary judgment in state court, on the grounds that the

motion was filed prior to the defendant learning of its unequivocal right to remove.  Given that

Continental's reply brief was filed on January 12, 2007, the day after the earliest date it knew of

its right to remove, it is doubtless that the underlying motion was filed prior to January 11, 2007.

Neither *Akin* nor any of the other cases cited by the Plaintiffs stand for the proposition that filing a

reply brief in support of an already pending motion – one filed prior to removability becoming

apparent – constitutes the type of invocation of the state court's jurisdiction that would amount to

a waiver of the right to remove.  Nor do the cases cited by the Plaintiffs support the proposition

that propounding discovery in the state court action constitutes a waiver of the right to remove.

This Court finds that neither action constitutes the type of affirmative invocation of the state

court's jurisdiction that could be deemed to be the type of voluntary relinquishment of a known

right necessary to constitute a waiver under Colorado law.  *Grimm Const. Co. v. Denver Board*

*of Water Commrs.*, 835 P.2f 599, 602 (Colo. App. 1992).

Accordingly, the Plaintiffs' Motion to Remand **(# 15)** is **DENIED**.  Pursuant to 28 U.S.C.

§ 636(b)(1)(A) and (B) and FED. R. CIV. P. 72(a) and (b), this matter is **REFERRED** to United

States Magistrate Judge Craig B. Shaffer to convene a Scheduling Conference and issue a

Scheduling Order under Fed. R. Civ. P. 16(b) and to hear motions and enter orders in connection

with such Scheduling Order; to hear motions relating to discovery and such other non-dispositive

motions as may be specifically referred, and to convene such settlement conferences as may be

appropriate.  The parties are advised that all motions pending in state court at the time of removal are **DENIED** without prejudice to refiling in conformance with the Federal Rules of Civil Procedure, the Local Rules, and this Court's Practice Standards.

Dated this 8th day of May, 2007

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge