IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00290-MSK-CBS

JOHNSTOWN FEED & SEED, INC.; and WAYNE and RHONDA SPRENG

    Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY

    Defendant.

_____

## PROTECTIVE ORDER
_____

**THIS MATTER** having come to be heard on the Plaintiffs' Unopposed Motion for Entry of Protective Order, the undersigned being fully advised in the premises therein

**DOES HEREBY ORDER** that, for good cause shown and in the interest of ensuring that confidential commercial information disclosed to the parties in this action is not used improperly, the Plaintiffs' Motion is **GRANTED** as follows.

**Definitions, Terms and Intent:**

    1.    As used herein, the following words shall have the following meanings:

        a.1    this "action" means the above captioned civil action pending in this Court;

        a.2    "Court" means this Court in which the above captioned civil action is pending;

        a.3    "Confidential" means competitively sensitive material (including technical, scientific, business, or financial information), or any trade secret or other confidential research, development, or commercial information --

as such terms relate to the protections provided by Fed. R. Civ. P. 26(c)(7);

a.4 "disclosed" means shown, divulged, revealed, produced, described or transmitted, in whole or in part (and includes variants of the word);

a.5 "discovery" means discovery in this action;

a.6 "Highly Confidential" includes Confidential, and also indicates that the material of a protected person is such that (if it was disclosed to business competitors) the disclosure could materially affect the protected person's business, commercial or financial interests;

a.7 "material" means documents, or any other form of information, submitted by any protected person;

a.8 "non-party" means any natural person, partnership, corporation, association, or other legal entity not named in the above captioned civil action pending in this Court;

a.9 "outside counsel" means the attorneys specifically listed on this Order as well as:

(1) other attorneys or consultants employed or retained by any law firms listed on this Order; or

(2) any attorney subsequently retained or designated by a party to appear in this action;

PROVIDED that any such attorney or consultant is not involved in the business operations of a party;

      a.10    "party" or "parties" means one or more of the plaintiffs or one or more defendant in this action; and

      a.11    "protected person" means any party or non-party that furnishes or has furnished any or material to any party in connection with this action.

2. It is the intent of this Protective Order that all disclosures and other uses of Confidential or Highly Confidential material shall be solely for the purposes of the preparation, hearing, trial, and any appeal of this action, and for no other purpose whatsoever.

**Types of Material That May Be Designated as Confidential or Highly Confidential:**

3. Any party or protected person may designate as Confidential or Highly Confidential any material (or portion of any material), including but not limited to any document, formal or informal response to a discovery request, or testimony (or portion of testimony). Such designation constitutes a representation to the Court of counsel's good faith belief that the material so designated is in fact Confidential or Highly Confidential material, as defined in this Order.

**Designation of Material as Confidential or Highly Confidential**:

4. A party or other protected person designating material as Confidential shall affix to each page of the document containing such material the legend "CONFIDENTIAL," and shall provide a specification of the portions of the document containing the Confidential information, unless the entire document is designated as Confidential. A party or protected person designating a document as Highly Confidential shall affix to each page of the document containing such

        material the legend "HIGHLY CONFIDENTIAL," and shall provide a specification of the portions of the document containing the Highly Confidential information, unless the entire document is designated as Highly Confidential. The legends must not interfere with the legibility of any such document.

5. A party or protected person designating material as Confidential or Highly Confidential that is in a form other than a document shall specify in writing the information that is Confidential or Highly Confidential at the time that such material is supplied.

6. A party, protected person, or deponent may, on the record of a deposition, designate portions of a deposition or exhibits used therein as Confidential or Highly Confidential pursuant to the criteria set forth in this Order. Additionally, within 20 days of the receipt of a deposition transcript, a party, protected person, or deponent may designate, by page and line, portions of the transcript or exhibits thereto as Confidential or Highly Confidential and, until such time, all parties shall treat the transcript and exhibits of any deposition (in their entirety) as Highly Confidential material. If, by the end of the 20-day period, a party, protected person, or deponent has designated any transcript portion or exhibits as Confidential or Highly Confidential, then thereafter such transcript portions or exhibits shall be disclosed only in accordance with this Order. If no part of a deposition or exhibits used therein is designated as Confidential or Highly Confidential at the end of the 20-day period, then none of the transcript or exhibits shall be treated as Confidential or Highly Confidential.

7. Inadvertent production of, or failure to designate, any material as Confidential or Highly Confidential material shall not be deemed a waiver of the producing party's or protected person's claim of confidentiality as to such information, and the producing party or protected person may thereafter designate such information as Confidential or Highly Confidential material as appropriate.

8. Material previously disclosed by a party or protected person without a designation as Confidential or Highly Confidential may later be redesignated as either Confidential or Highly Confidential material by providing specific written notice of the same to all parties. A party who received such material prior to its redesignation as Confidential or Highly Confidential material shall not be liable for any use or disclosure of the material that was inconsistent with this Protective Order prior to the material's redesignation as Confidential or Highly Confidential material; but shall immediately disclose to the designating party the name(s) and address(es) of anyone to whom the material was previously disclosed, and shall immediately treat the material appropriately thereafter pursuant to the terms of this Protective Order. Additionally, the party receiving such previously undesignated Confidential or Highly Confidential material shall make a reasonable good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such previously undesignated material shall immediately be treated in conformity with the redesignation of the material as Confidential or Highly Confidential material.

**Permissible Uses of Confidential Material:**

9. Material designated as Confidential pursuant to this Order may only be used for purposes of this action, including any appeal of the Court's ruling, and any subsequent proceedings relating to the transactions, occurrences and events necessarily implicated in this action. Material designated as Confidential pursuant to this Order may be disclosed only to:

   i.1 the Court and all Court personnel involved with in this action, and court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

   i.2 outside counsel working as an attorney for any party or protected person in connection with this action and the employees of such outside counsel, provided that they are not presently, and have no present plans to become, employees of any party;

   i.3 persons retained to assist counsel for any party for the purpose of this action (including expert witnesses) and employees of such persons, provided that such persons and their employees are not presently, and have no present plans to become, employees of any party;

   i.4 in-house counsel of any of the parties and their secretaries or paralegals assisting in this litigation;

   i.5 employees of or counsel for the protected person benefiting from the designation of such materials as Confidential;

   i.6 original authors, original addressees, or original copyees of a document designated as Confidential;

 i.7 persons with prior knowledge of the Confidential material, including any person who was (or whom counsel for any party in good faith believes to have been) a participant in a prior communication or other prior act involving the Confidential material, and from whom verification of that prior communication or other prior act is sought, subject to the terms of paragraph 12 of this Protective Order; and

 i.8 any other person who may testify as a witness, either at a deposition or court proceeding in this action, for the purpose of assisting in the preparation or examination of the witness, subject to the terms of paragraph 12 of this Protective Order.

**Permissible Uses of Highly Confidential Material:**

10. Material designated as Highly Confidential pursuant to this Order may only be used for purposes of this action, including any appeal of the Court's ruling, and any subsequent proceedings relating to the transactions, occurrences and events necessarily implicated in this action. Material designated as Highly Confidential pursuant to this Order may be disclosed only to:

 j.1 the Court and all Court personnel involved with in this action, and court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

 j.2 outside counsel working as an attorney for any party or protected person in connection with this action and the employees of such outside counsel,

     provided that they are not presently, and have no present plans to become, employees of any party;

  j.3 persons retained to assist counsel for any party for the purpose of this action (including expert witnesses) and employees of such persons, provided that such persons and their employees are not presently, and have no present plans to become, employees of any party;

  j.4 employees of or counsel for the protected person benefiting from the designation of such materials as Highly Confidential;

  j.5 original authors, original addressees, or original copyees of a document designated as Highly Confidential;

  j.6 persons with prior knowledge of the Highly Confidential material, and from whom verification of that prior knowledge has been obtained prior to disclosure to the person of the Highly Confidential material, subject to the terms of paragraph 12 of this Protective Order; and

  j.7 any other person who may testify as a witness, either at a deposition or court proceeding in this action, for the purpose of assisting in the preparation or examination of the witness, subject to the terms of paragraph 12 of this Protective Order.

**Additional Obligations Regarding Protected Material:**

11. Any party or any counsel for any party proposing to disclose Confidential or Highly Confidential material to any person (including disclosure to any deponent, and disclosures pursuant to Paragraphs 9 or 10 herein), shall provide written

notice -- at least 10 days in advance of any such disclosure -- to the counsel for the designating party or protected person stating the name(s) and address(es) of the person(s) to whom the disclosure will be made, identifying with particularity the material to be disclosed and stating the purpose of the disclosure, except that such notification is not necessary if the disclosure is to be made to:

k.1  the Court and all Court personnel involved with in this action, and court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

k.2  outside counsel working as an attorney for any party or protected person in connection with this action and the employees of such outside counsel, provided that they are not presently, and have no present plans to become, employees of any party;

k.3  persons retained to assist counsel for any party for the purpose of this action (including expert witnesses) and employees of such persons, provided that such persons and their employees are not presently, and have no present plans to become, employees of any party;

k.4  employees of or counsel for the protected person benefiting from the designation of such materials as Confidential or Highly Confidential material; or

k.5  original authors, original addressees, or original copyees of a document designated as Confidential or Highly Confidential material.

If within 5 days after the receipt of such notice, an objection is made, the party seeking to disclose the material may seek relief from this Order from the Court regarding that intended disclosure. In such instances, the material shall not be disclosed unless and until the Court has granted a motion to allow the particular disclosure. Relief granted pursuant to such a motion does not otherwise modify or relax the provisions and terms of this Protective Order. The failure of counsel for a party or protected person designating the material as Confidential or Highly Confidential to object to the use of the material in connection with a particular witness shall not constitute a waiver with respect to other witnesses.

12. Each and every person to whom Confidential or Highly Confidential material is disclosed (regardless of whether prior notice of the disclosure is required), other than employees of the protected person benefiting from the designation of the material as Confidential or Highly Confidential, shall execute an Acknowledgment in the formed attached hereto as Exhibit A, and shall agree to be bound by this Order. A copy of the executed Acknowledgment shall be provided to all parties prior to any such disclosure (or, if not otherwise possible, as immediately thereafter as possible), and the original of each such executed Acknowledgment shall be retained by the counsel disclosing Confidential or Highly Confidential material to such persons for a period of one year following the final resolution of this action.

13. All persons possessing material designated as Confidential or Highly Confidential pursuant to this Order are obligated to only use the material for the lawful

purposes of this action, and to treat the material in conformity with the terms of this Protective Order.

**Filing Under Seal:**

14. In the event that any Confidential or Highly Confidential material is contained in any pleading, motion, exhibit, or other paper (collectively "papers") filed or to be filed with the Court, the material shall be filed under seal. Where possible, only confidential portions of filings with the Court shall be filed under seal.

15. For the purposes of timeliness, the filing and service of material under seal shall be effective upon deposit in the U.S. mail postage prepaid, so long as any portion of the filing not required to be filed under seal has been timely filed pursuant to the general provisions for filing. The most recent Court dictates governing filing under seal shall prevail.

16. At the time of filing any papers under seal, the Clerk of the Court shall be so informed by the party filing such papers, and the Clerk shall keep such papers under seal until further order of the Court; provided, however, that copies of the papers filed with the Court under seal shall be furnished to the other parties to the action. As soon as possible after the filing of any paper containing Confidential or Highly Confidential material (and to the extent possible), the filing party shall file on the public record a duplicate copy of the paper with the Confidential or Highly Confidential material deleted.

17. Unless otherwise specified by the Court, the original (and a copy of the original for the use of the Court) of material filed under seal shall be placed in sealed

envelopes on which shall be endorsed the title to the action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

Any envelope containing material filed under seal that is an exhibit to a pleading shall also bear the name of the pleading.

18. Any envelope containing protected material filed with the Court shall not be opened without further order of the Court except by persons authorized to have access to such material pursuant to the terms of this Protective Order, which person(s) shall only have usual and customary access according to the rules of the Court and the terms of this Protective Order, and shall not remove the material from the Court. Where documents filed under seal are transmitted between the parties, the above message shall be placed on the facsimile cover sheet or (if otherwise transmitted) on a sheet directly preceding the Confidential or Highly Confidential material.

19. Papers and other materials served on a party, but not required to be filed with the Court, must not be filed with the Court in any fashion unless necessary to support a later filing.

**Use of Protected Material at any Trial, Hearing, Deposition or Similar Proceeding:**

20. The parties shall confer and attempt to agree before any deposition, and before trial or an evidentiary hearing, or any similar proceeding, on the procedures under which Confidential and Highly Confidential material may be introduced into evidence or otherwise used during such proceedings. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential material that may be used or introduced at such proceedings. With respect to any proceeding to take place before the Court (such as trial or an evidentiary hearing), upon reaching agreement the parties also shall promptly give notice of the terms of such agreement to the Court. The Court will modify any such agreement when appropriate to do so.

21. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential material at any such proceedings upon reasonable notice to all parties and non-parties who have produced such material. The parties shall provide non-parties with notice of potential use at trial of any Confidential or Highly Confidential material produced by them if and when such material is listed as a potential exhibit or exhibits in the required filings prior to the commencement of trial. The parties shall give notice as soon as practicable after Confidential or Highly Confidential material that is not listed on the exhibit list is identified as probably necessary for use by counsel for a party in the course of examination or cross-examination at trial.

**Challanges to the Designation of Material as Confidential or Highly Confidential**:

22. This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular material is or is not Confidential or Highly Confidential pursuant to this Order, provided that the party has complied with the procedures set forth herein. No party concedes by entering into this stipulated Protective Order that any material designated by any party or protected person as Confidential or Highly Confidential does in fact contain or reflect trade secrets or other confidential research, development or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(7), or that disclosure of any material designated by any party or protected person as Highly Confidential would materially affect such party's or protected person's business, financial or commercial interests if disclosed to business competitors. In the event that a party believes that another party or protected person has designated material as Confidential or Highly Confidential that is not entitled to such protection, the parties and any affected protected person shall discuss this contention and attempt to resolve the disagreement over the classification of the material. If the parties and protected person cannot resolve the matter, it will be submitted to the Court for resolution. In the case of material provided by a non-party, the party that contests the confidentiality designation shall provide reasonable notice to the non-party that the matter has been referred to the Court. In the event that a confidentiality designation by a party is contested, the party designating the material shall have the burden of showing that the material is entitled to protection.

23. The parties hereto reserve all rights to apply to the Court for any order:

   w.1   modifying this Order; or

   w.2   seeking further protection against discovery or other use of Confidential or Highly Confidential material or information, documents, transcripts, or other material reflecting claimed Confidential or Highly Confidential material.

24. Any protected person requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its confidential information.

**Miscellaneous:**

25. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

26. This Order shall not apply to information already in the public domain or obtained from other sources not in violation of this Order -- regardless of whether such information is also contained in materials designated as Confidential or Highly Confidential pursuant to this Order.

27. Nothing in this Order shall prevent disclosure of Confidential or Highly Confidential material that is disclosed with the consent of counsel for the protected person benefiting from the designation of the material as Confidential or Highly Confidential.

28. Counsel for a party may disclose Confidential or Highly Confidential material to any witness or potential witness, provided counsel has obtained consent of

        counsel for the protected person benefiting from the designation of the material as Confidential or Highly Confidential.

29. This Order shall not affect the right of any party or protected person to oppose production of Confidential or Highly Confidential material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

30. Nothing in this Order shall prejudice the right of any party or protected person to move the Court to broaden or restrict the rights of access to and use of particular Confidential or Highly Confidential material, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

31. All persons governed by this Order, by reviewing Confidential or Highly Confidential material, or by seeking the protections of this Order for Confidential or Highly Confidential material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

**Procedures Upon Termination of Action:**

32. Within 30 days after the final resolution of this action (including the exhaustion or waiver of any right to appellate review), each party in possession of Confidential or Highly Confidential materials, and any person to whom disclosure of such materials has been made pursuant to the provisions of this Order, shall

return the originals and all copies of such materials (along with all analyses, memoranda or notes that were generated based upon such material) to the party or protected person that designated the material or, alternatively, shall confirm in writing to the party or protected person that all these items have been destroyed.

DATED at Denver, Colorado, this 29th day of August, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**APPROVED by the undersigned and respectfully submitted to the Court for consideration:**

Dated this __27th__ day of August, 2007.

| | |
|---|---|
| **IRWIN & BOESEN, P.C.** | **OVERTURF, MCGATH, HULL & DOHERTY, P.C.** |
| s/ *Chris L. Ingold* | s/ *Jason P. Rietz* |
| _____ | _____ |
| Brad R. Irwin | Brandon P. Hull |
| Chris L. Ingold | Jason P. Rietz |
| 501 So. Cherry St., Suite 500 | 625 East 16th Avenue, Suite 100 |
| Denver, CO 80246 | Denver, CO 80203 |
| Telephone: (303) 320-1911 | Telephone: (303) 860-2848 |
| FAX: (303) 320-1915 | FAX: (303) 860-2869 |
| E-mail: cingold@irwin-boesen.com | E-mail: jpr@omhdlaw.com |
| Attorneys for Plaintiffs | Attorney for Defendant |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00290-MSK-CBS

JOHNSTOWN FEED & SEED, INC.; and WAYNE and RHONDA SPRENG

     Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY

     Defendant.

_____

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**
_____

     I, _____, who am employed or retained by _____, hereby acknowledge:

     (1) That I have read the Protective Order, dated _____, entered in the above captioned action, understand the terms of the order, and agree to be bound by those terms;

     (2) That I will only make copies or notes of the information and other material addressed by the Protective Order to the extent necessary to enable me to render assistance in connection with this action;

     (3) That I will not disclose Confidential (or Highly Confidential) information or materials to any person not expressly entitled to receive it under the terms of the Protective Order;

     (4) That I will not use Confidential or Highly Confidential material for any purpose other than that authorized by the Protective Order; and

     (5) That I agree to submit to the jurisdiction of the Court in which the above captioned action is pending for at least the purpose of having the terms of the Protective Order enforced.

Dated:_____

                                            Signature:_____
                                              Address:_____
                                                          _____