IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00290-MSK-CBS

JOHNSTOWN FEED & SEED, INC.,
WAYNE SPRENG, and
RHONDA SPRENG,

    Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

    Defendant.

---

# ORDER DENYING JOINT MOTION UNDER FED. R. EVID 702

---

**THIS MATTER** comes before the Court pursuant to the parties' Joint Motion Under Fed. R. Evid. 702 **(# 61, 62)**.

The parties filed the Motion as a sealed document **(#61)**, then as a redacted document **(#62)**, in purported compliance with the August 29, 2007 Protective Order **(# 33)** issued by the Magistrate Judge. That Protective Order provides, among other things, that filings containing information deemed "confidential" by the parties be made under seal. Although ostensibly presented as an order entered by the Magistrate Judge after having been "fully advised in the premises therein," the order actually reflects nothing more than an agreement between the parties as to how "confidential" information may be handled. Such an order does not permit the parties to avoid showing "compelling reasons" to warrant sealing, D.C. Colo. L. Civ. R. 7.2; *see generally Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 599 (1978).

1

Moreover, the parties failed to comply with ECF Procedure (Civil) VI.A.2.a, which permits parties to provisionally file documents under seal "where the filing party is contemporaneously filings a motion to seal the document." Although the parties' filed their joint motion as a sealed document under this provision, they have not filed, contemporaneously or otherwise, a motion to seal that sets forth compelling reasons for such sealing.

This oversight might have been corrected by the filing of **(#62)** were it not for the redaction. In essence, the redaction is sealing of some portion of the motion. The problem is that the parties cannot, by their mere agreement, exclude information from public review. To seal a document, or to redact information from the public record, the parties must show that the important public interest in access to judicial records is outweighed by the parties' interest in privacy. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

In addition, the Court observes that the parties' Joint Motion Under Fed. R. Evid. 702 fails to distinguish between the experts' "opinions" on the one hand and statements of fact, arguments, or assumptions on the other hand. *See generally U.S. v. Crabbe*, 2008 WL 149977, (D. Colo., Jan. 14, 2008). Here, the sheer number of "opinions" listed by the parties – some 228 opinions from 5 experts – appears to be a collection of declarative statements extracted from expert reports exchanged in discovery. Many of the statements do not appear to be opinions, at all. They appear to be statements of extant fact or law (or assumptions of fact or law) upon which the expert relied in formulating an opinion, a description of the expert's methodology, explanation of particular analytical steps employed by the expert, and conclusory statements about the facts. From these, the Court is unable to ascertain what actual opinion(s) testimony will be offered at trial.

Accordingly, the parties' Joint Motion **(# 61, 62)** is **DENIED,** without prejudice to re-filing of a joint Rule 702 motion that identifies the opinions of the experts that will be tested in accordance with Rule 702.  Such motion should not include the facts, law, assumptions or methodology that underlies such opinions.  The motion shall be made either without redaction or with an accompanying motion to seal. Such a motion will be deemed timely if filed within 15 days of the date of this Order.

Dated this 15th day of April, 2008

                                        **BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge