IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00290-MSK-CBS

JOHNSTOWN FEED & SEED, INC., and
RHONDA SPRENG,

    Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

    Defendant.
_____

**OPINION AND ORDER DENYING EMERGENCY MOTION TO STRIKE**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Emergency Motion to Strike **(# 105)** the Defendant's Motion In Limine **(# 96)**.

The Plaintiffs move to "strike [certain] exhibits attached to Defendant's Motion In Limine," on the grounds that the exhibits in question contain trade secrets or other confidential information concerning the Plaintiffs' business operations. The Motion In Limine, in turn, seeks to exclude the exhibits in question from admission at trial, on the grounds that the information contained therein is, among other things, "unreliable and speculative," and thus, unreliable proof of the Plaintiffs' damages. The Court notes that the Defendant filed a motion to seal **(# 100)** the exhibits, which the Court denied **(# 104)** in a text entry. This Order amplifies the reasons for that denial. Moreover, the Court notes that the exhibits were provisionally sealed pending the Court's consideration of the Defendant's motion to seal, and, as yet, the Court has not directed the Clerk of the Court to withdraw that provision sealing.

1

At the outset, the Court notes that the specific relief requested by the Plaintiffs – "striking" of the exhibits – is not relief that is available under the Federal Rules of Civil Procedure. Only Fed. R. Civ. P. 12(f) speaks of "striking" material, and in the context of that rule, such relief is only available with regard to objectionable material found in a party's "pleadings." A motion in limine is not a "pleading." *See* Fed. R. Civ. P. 7(a). Moreover, the relief requested by the Plaintiffs would not only eliminate the public's ability to view the exhibits, but the Court's ability to do so as well, rendering it impossible to consider and rule upon certain aspects of the Defendant's motion. To the extent the Plaintiffs seek the "striking" of the exhibits, that request is denied.

The Court construes the Plaintiffs' motion as one more properly seeking the sealing of the specified exhibits. In this regard, the Court first amplifies its reasoning for denying the Defendant's motion to seal. The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should

be sealed. *See Nixon,* 435 U.S at 599. D.C. Colo. L. Civ. R. 7.2 requires a party seeking sealing of a document to show "compelling" reasons for doing so. Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.

In this regard, the parties' agreement that a particular document is confidential is irrelevant, as is the fact that a document was subject to a protective order during discovery. Documents subject to discovery are not customarily filed with the Court and thus are not available to the public. Consequently, the Court readily enters agreed-upon protective orders that govern the conduct of parties *vis-a-vis* each other, but such orders are not intended to, and indeed do not, purport to weigh the public's right of access. Unlike documents that are privately exchanged between the parties as part of the discovery process, documents filed with the Court for the purpose of obtaining an adjudication <u>do</u> invoke the public rights discussed above, and thus, such documents are presumptively available to the public. A showing of compelling cause over and above that sufficient to support entry of a private protective order is necessary.

Here, the Court initially denied the Defendant's motion to seal because that motion set forth nothing more than the fact that the documents in question were the subject of a protective order governing production during discovery. As set forth above, such a showing is not enough, of itself, to rise to the level of "compelling" cause to seal. Although the instant Emergency Motion by the Plaintiffs discusses the matter is somewhat greater detail than the Defendant's motion to seal, ultimately, the grounds asserted therein are the same: that the exhibits should be sealed simply because the Plaintiffs consider them confidential and the Court has previously

entered a protective order governing their use in discovery. For the same reasons that the Court denied the Defendant's motion to seal, it denies the Plaintiff's emergency motion as well. Neither motion purports to address, much less demonstrate compelling cause to overcome, the strong public interest in being able to review the material upon which the Court is requested to make an adjudication.

Accordingly, the Plaintiffs' Emergency Motion **(# 105)**, construed as a motion to seal, is **DENIED** without prejudice.[1] Recognizing the Plaintiffs' desire to shield the material from public inspection, the Court will direct that the provisional sealing of the exhibits to Docket #96 continue in effect for 10 days, during which the Plaintiffs may file a properly-supported motion to seal the exhibits or the parties to take appropriate action to substitute redacted exhibits or other material for the exhibits presently in the record. If a new motion to seal is filed, the documents shall remain under provisional seal pending the Court's determination of that motion; if no motion is filed, the Clerk of the Court shall unseal the exhibits to Docket # 96 after 10 days

---

[1]This is not to say that, even if they cannot show compelling cause to seal the documents, the Plaintiffs lack any means by which to shield the information from public view. The public's interest arises only with regard to that material which the Court considers in making an adjudication, and thus, if certain sensitive material is not essential to the Court's consideration of the motion, they have a variety of means to present the relevant portion of the material without simultaneously disclosing sensitive-but-irrelevant information (*e.g.* redaction of the inessential material; stipulation to the contents of the relevant portion of the document in lieu of filing the entire document, etc.). *See e.g. Riker v. Federal Bureau of Prisons*, 2009 WL 595943 (10th Cir. March 10, 2009) (unpublished) (recognizing minimal public interest in access to records that were not substantively considered by the court).

If, on the other hand, the sensitive information is essential to the matter upon which adjudication is sought, and the Plaintiffs cannot show compelling cause to warrant sealing, the Plaintiffs have the option of withdrawing those claims or theories of recovery that turn on the sensitive information, thereby mooting the need for judicial determination of the matter and, correspondingly, the public interest in access to the material upon which judicial determination would have been based.

from the date of this Order have elapsed.

Dated this 26th day of March, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge