IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 07-cv-00290-TDL-CBS

JOHNSTOWN FEED & SEED, INC. and
RHONDA SPRENG,

       Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

       Defendant.

## ORDER

This matter is before the court on Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Alleged Future Lost Profits from New Business Venture. In this motion, defendant seeks an order precluding plaintiffs from presenting evidence of plaintiffs' lost future profits from a new business venture.[1]  Plaintiffs contend that prior to the fire, Johnstown Feed & Seed, Inc. ("JFS") was on the verge of rolling out a new line of six specialty products. Plaintiffs' expert witness, Dr. Patricia Pacey, has opined that the lost profits from this venture total approximately $20 million.

---

[1] In its motion, defendant does not seek to limit plaintiffs' evidence with respect to lost profits from their established business. Rather, defendant only challenges evidence of lost profits with respect to plaintiffs' new business venture.

1

After a *Daubert*[2] hearing, the court ruled that Dr. Pacey's testimony was admissible under Fed. R. Evid. 702 and that defendant's then-objections to her testimony went "to the weight of her evidence rather than the foundational admissibility." Reporter's Transcript (Rule 702 Hearing: Volume 1) at 180.

In the present motion, defendant seeks to preclude all testimony regarding future lost profits with respect to the new venture on the ground that plaintiffs' claim for lost profits is speculative and uncertain. Plaintiffs counter that defendant's motion is a veiled dispositive motion and the time for filing such motions has passed. The court concurs. In addition, the court finds defendant's motion is not well-taken. Plaintiffs have proffered sufficient facts to show JFS invested time and money in the new venture. The fact that the welding contractor who may have caused the fire was doing work at the building to further this venture demonstrates how seriously plaintiffs were pursuing the new line of business. Defendant's arguments go to the weight of the evidence to be presented, not its admissibility.

Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Alleged Future Lost Profits from New Business Venture (Doc. No. 117) is therefore DENIED.

It is so ordered this 7th day of January, 2010.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[2] Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579 (1993).

2