IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 07-cv-00290-TDL-CBS

JOHNSTOWN FEED & SEED, INC. and
RHONDA SPRENG,

        Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

        Defendant.

## **ORDER**

This matter is before the court on various motions in limine presented by the parties that were discussed with counsel during a pretrial conference on February 16, 2010. During the conference, plaintiffs informed the court that they will not introduce plaintiffs' written business plan.[1] Therefore, Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Business Plan (Doc. No. 96) is denied moot. Based on plaintiffs' representations during the conference that Richard W. Laugesen will not testify to legal conclusions, the court denies Defendant's Motion in LImine to Exclude Testimony by Richard W. Laugesen, Esq. (Doc. No. 97). During the

---

[1] Marketing brochures, however, which were included in the written plan will be introduced by plaintiffs.

1

conference, the parties agreed to enter into a stipulation regarding plaintiffs' state court trial against the welders.[2]  Defendant's Motion in Limine to Exclude Evidence of Verdict from Plaintiffs' Trial Against Welders (Doc. No. 102) is therefore also denied as moot.  The parties also agreed to cooperate regarding the testimony of Ken Scurto to be offered at trial, which will moot Defendant's Motion in LImine to Exclude Evidence of Ken Scurto, Any Alleged Failure to Preserve Evidence, and Any Resulting Testimony Regarding Same by Expert George Hodge (Doc. No. 103).

Defendant's Motion in Limine to Exclude Evidence of Additional Insurance Benefits Allegedly Owed (Doc. No. 166) is GRANTED to the extent that plaintiffs are directed to delete the last column in Exhibit 51.  Defendant's request that the court exclude any evidence or argument regarding additional insurance benefits allegedly owed is deemed moot in light of the parties' stipulation.[3]

---

[2]On February 16, 2010, the parties entered into the following stipulation:

> You will hear evidence to the effect that Johnstown Feed & Seed filed a lawsuit against the welders who it claimed caused the fire. That lawsuit resulted in a verdict in favor of the welders. That verdict is presently on appeal.  You are not to speculate as to the reasons for the verdict, nor shall you award any damages relating to that case.

[3]On February 16, 2010, the parties entered into the following stipulation:

> You will hear evidence that Johnstown Feed & Seed believes that the full amount due under the insurance policy has not been paid. Continental Western believes that the full amount due under the insurance policy has been paid.  The dispute is being decided under an arbitration provision of the policy and has not yet been resolved. You are not to speculate as to the amounts involved or the eventual outcome of that proceeding.

Plaintiffs' Motion in Limine to Exclude Proposed Exhibits 62-67 Under Fed. R. Evid. 403 (Doc. No. 167) is GRANTED. Exhibits 62-67 are copies of complaints and Rule 26 disclosures filed in this action and two prior lawsuits filed by plaintiffs. In the Tenth Circuit, "inconsistent allegations contained in prior pleadings are admissible in subsequent litigation." Dugan v. EMS Helicopters, Inc., 915 F.2d 1428, 1431 (10th Cir. 1990). Contrary to defendant's assertion, the complaints in the prior actions are not inconsistent with plaintiffs' allegations in this case. Furthermore, the court finds the prior complaints have no probative value to the questions at issue in this case. Even if the court were to find the prior complaints relevant, it would deny admission of these exhibits based on Fed. R. Evid. 403, as they would be more likely to confuse the issues and mislead the jury.

It is so ordered this 17th day of February, 2010.

_____
TIM LEONARD
United States District Judge